■ STEPHANIE BARON, on Behalf of Herself and All Others Similarly Situated, Appellant, v PFIZER, INC., Respondent. [840 NYS2d 445]—

Mercure, J. Appeal from an order of the Supreme Court (Mc-Carthy, J.), entered May 2, 2006 in Albany County, which granted defendant's motion to dismiss the complaint.

Plaintiff commenced this action seeking certification of a statewide class of all individuals who purchased the drug Neurontin for "off-label" uses, i.e., uses for which the drug was not approved by the Food and Drug Administration (hereinafter FDA). The Parke-Davis Division of Warner-Lambert Company, which was acquired by defendant in 2000, received approval from the FDA to market and sell Neurontin for the treatment of epilepsy. From June 1995 to April 2000, however, Warner-Lambert also engaged in a broad campaign to promote Neurontin for a variety of pain uses, psychiatric conditions such as bipolar disorder and anxiety, and for certain other unapproved uses. Following a six-year investigation of these activities, the United States Department of Justice prosecuted Warner-

Lambert, which ultimately agreed to plead guilty to (1) introducing into interstate commerce a misbranded drug that did not have adequate directions on the label for the intended uses of the drug and (2) introducing an unapproved new drug into interstate commerce. Pursuant to the plea agreement and a civil settlement agreement, Warner-Lambert consented to a criminal fine of $240 million and, primarily to reimburse state and federal Medicaid programs, civil fines of $190 million.

In this action, plaintiff asserts claims sounding in fraud, violation of General Business Law § 349 and unjust enrichment based upon the fact that she was prescribed and used Neurontin for neck pain, an off-label use. Following joinder of issue but prior to class certification, defendant moved to dismiss the proposed class action complaint in its entirety pursuant to CPLR 3211 (a) (7) and 3016 (b). Supreme Court granted defendant's motion and dismissed the complaint. In addition, the court dismissed as academic plaintiff's pending motions to compel discovery and for class certification. Plaintiff appeals* and we now affirm.

In determining a motion to dismiss for failure to state a claim, a "court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]; *1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 771 [1999]). Moreover, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). With respect to plaintiff's claims herein, we note that to state a cause of action under General Business Law § 349, a plaintiff must allege that the defendant has engaged in consumer-oriented acts or practices that are " 'deceptive or misleading in a material way *and that plaintiff has been injured by reason thereof* " (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55 [1999], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995] [emphasis added]; *see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). That is, while an assertion of justifiable reliance is not necessary, a plaintiff must allege that defendant's consumer-oriented, deceptive acts or practices "caused actual, although not necessarily pecuniary, harm" directly to plaintiff (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, supra at 26; *see Blue Cross & Blue Shield of N.J., Inc. v Philip*

---

* Plaintiff has expressly abandoned her appeal with respect to the dismissal of her common-law fraud claim.

*Morris USA Inc.*, 3 NY3d 200, 207-208 [2004]; *Stutman v Chemical Bank, supra* at 29-30; *Small v Lorillard Tobacco Co., supra* at 56).

Here, the parties' dispute centers on whether plaintiff adequately alleged that she suffered an injury as a result of defendant's deceptive acts. Plaintiff argues that Supreme Court erred in holding that she failed to sufficiently allege a cognizable injury when it is undisputed that she paid for Neurontin, which was prescribed by her doctor for an off-label use. Essentially, plaintiff seeks a refund of the purchase price of Neurontin on the ground that she would not have purchased the drug absent defendant's deceptive practices. The Court of Appeals, however, has rejected this very argument, i.e., "that consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349" (*Small v Lorillard Tobacco Co., supra* at 56). Without further allegations that, for example, the price of the product was inflated as a result of defendant's deception or that use of the product adversely affected plaintiff's health, plaintiff's claim "sets forth deception as both act and injury" and, thus, "contains no manifestation of either pecuniary or 'actual' harm" (*id.*). Indeed, we note that plaintiff failed even to allege—either in her complaint or supporting affidavit—that Neurontin was ineffective to treat her neck pain, and her claim that any off-label prescription of Neurontin was potentially dangerous both asserts a harm that is merely speculative and is belied in any event by the fact that off-label use is a widespread and accepted medical practice (*see Buckman Co. v Plaintiffs' Legal Comm.*, 531 US 341, 350 [2001]; *Washington Legal Found. v Henney*, 202 F3d 331, 333 [2000]). In short, because plaintiff failed to allege actual harm or that she sustained a pecuniary injury, Supreme Court properly determined that she failed to state a claim under General Business Law § 349 (*see Small v Lorillard Tobacco Co., supra* at 56; *Donahue v Ferolito, Vultaggio & Sons*, 13 AD3d 77, 78 [2004], *lv denied* 4 NY3d 706 [2005]; *Rice v Penguin Putnam*, 289 AD2d 318, 319 [2001], *appeal dismissed and lv denied* 98 NY2d 635 [2002]).

We similarly conclude that plaintiff's unjust enrichment claim was properly dismissed. A claim for unjust enrichment will lie when "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) . . . it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff" (*Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]; *see Paramount Film Distrib. Corp. v State of New*

*York,* 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]; *Citibank, N.A. v Walker,* 12 AD3d 480, 481 [2004]). Inasmuch as plaintiff makes only conclusory allegations that defendant's deceptive acts played a role in her use of Neurontin, without alleging that her physician's decision to prescribe the drug was influenced by defendant or that the drug was ineffective to treat her, she has failed to allege that defendant is in possession of money belonging to plaintiff and her claim was properly dismissed (*see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, supra* at 988).

Finally, inasmuch as plaintiff failed to expressly request leave to amend her complaint, Supreme Court did not err in refusing to sua sponte grant such relief (*see Anderson Props. v Sawhill Tubular Div., Cyclops Corp.,* 149 AD2d 950, 950-951 [1989]; *see also Yavorski v Dewell,* 288 AD2d 545, 548 [2001]). The parties' remaining arguments are rendered academic by our decision.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.